IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20892
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellant,

        v.

CHARLES WILLIE WILLIAM,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(H-96-CV-928)
_____
August 14, 1997
Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     The government appeals the district court's denial of its

Federal Rule of Civil Procedure 60(b) motion for reconsideration

of an order issued by the district court vacating Charles

William's conviction for carrying a firearm during the commission

of a drug trafficking offense.  Finding that the district court

abused its discretion, we reverse and remand.

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I. BACKGROUND

In October 1990, Charles Willie William ("William"), Gina Lewis, and Larry Bryant were charged in a superseding indictment with seven counts relating to a conspiracy to import cocaine from the Republic of Panama and distribute it in the United States. Based on a plea agreement with the government, William pled guilty to aiding and abetting the importation of more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B) and 18 U.S.C. § 2 (count four), and using and carrying a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count seven). In addition to his plea of guilty to counts four and seven, William agreed to forfeit a .38 caliber firearm and property seized at the time of his arrest. The government agreed to dismiss the remaining charges against William, to recommend limiting his sentencing exposure to a total of nine years, and to permit William to provide substantial assistance to receive a motion for downward departure. The district court found a factual basis to support William's guilty plea.

On September 9, 1991, William was sentenced to 80 months under count four, followed by a 60 month mandatory term of imprisonment under count seven. William was further ordered to pay $100 in mandatory costs and a $20,000 fine, which was suspended on the condition that William's earnings while in

prison be sent to his minor dependent children.  William did not appeal.

On June 28, 1994, William filed his first post-conviction motion under 28 U.S.C. § 2255.  The district court summarily denied relief in an order and judgment entered August 3, 1994.  William appealed, presenting new claims, and the Fifth Circuit dismissed his case as frivolous.

On March 14, 1996, William filed his second § 2255 motion, arguing that he had not "used" a firearm, as defined by the Supreme Court in Bailey v. United States, 116 S. Ct. 501 (1995).  On April 22, 1996, the district court entered an order denying William's motion on the ground that the facts supported William's conviction for "carrying" a firearm in relation to a drug trafficking offense.[1]

William then filed a motion for reconsideration of the court's April 22 order denying relief.  The motion was unsigned, unsworn, and unverified, and does not reflect that the pleading was served upon the government.  In the motion, William alleged for the first time that he did not "carry" the weapon "during and in relation to a drug trafficking offense."  He asserted that the firearm was not readily accessible to him because the glove compartment was locked and the only key to the glove compartment

---

[1]Several guns, one of which belonged to William, were found in the glove compartment of the rental car driven by Bryant and William in facilitation of their scheme.

was in the ignition.  He also pointed out that the firearm was not found in the same car as the cocaine.  William requested an evidentiary hearing to resolve his allegations.

Without inviting government response, the court issued an "Opinion on Alteration of Sentence" on June 28, 1996, finding that William's firearm was not immediately accessible and that the gun was not in the same vehicle as the drugs.  The court concluded that the facts did not support William's conviction for "carrying" the firearm.  Thus, the court granted William's motion and vacated his § 924(c) conviction and sentence.

On August 27, 1996, the government filed a motion for reconsideration of the June 28 order vacating William's 924(c) conviction.  The court summarily denied the government's motion on September 4, 1996.

On September 9, 1996, the government filed a notice of appeal of the June 28 order vacating sentence and the order denying the motion for reconsideration.  The government concedes that only its appeal of the order denying the motion for reconsideration was timely.

## II. DISCUSSION

The government asserts that the district court abused its discretion in denying its Federal Rule of Civil Procedure 60(b)[2]

---

[2]FED. R. CIV. P. 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or

4

motion for reconsideration of the court's June 28 order.  In

Seven Elves Inc. V. Eskenazi, 635 F.2d 396 (5th Cir. 1981), we

articulated the standard for reviewing the government's

challenge, stating that "[i]t is not enough that the granting of

relief might have been permissible, or even warranted -- denial

must have been so unwarranted as to constitute an abuse of

discretion."  Id. at 402.  In determining whether the denial of a

Rule 60(b) motion was sufficiently unwarranted to require

reversal, we must balance the interest in finality of judgment

and the demands of justice.  Id.  We consider eight factors when

making such a determination:

> (1) That final judgments should not lightly be
> disturbed; (2) that the Rule 60(b) motion is not to be
> used as a substitute for appeal; (3) that the rule
> should be liberally construed in order to achieve
> substantial justice; (4) whether the motion was made
> within a reasonable time; (5) whether -- if the
> judgment was a default or a dismissal in which there
> was no consideration of the merits -- the interest in
> deciding cases on the merits outweighs, in the
> particular case, the interest in the finality of
> judgments, and there is merit in the movant's claim or
> defense; (6) whether -- if the judgment was rendered
> after a trial on the merits -- the movant had a fair
> opportunity to present his claim or defense; (7)
> whether there are intervening equities that would make
> it inequitable to grant relief; and (8) any other
> factors relevant to the justice of the judgment under

> proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; . . . (3)
> fraud . . ., misrepresentation, or other misconduct of an
> adverse party; . . . or (6) any other reason justifying
> relief from the operation of the judgment.  The motion
> shall be made within a reasonable time, and for reasons
> (1), (2), and (3) not more than one year after the
> judgment, order, or proceeding was entered or taken.

5

attack.

Id. at 402 (citations omitted).

While the first two factors weigh against the government, on the balance, we find that in this instance justice must prevail over any interest in finality. The district court abused its discretion in denying the Rule 60(b) motion because the relief granted by the court in the June 28 order was based on an error of law, the government was not informed of William's motion for reconsideration and had no chance to respond, and the government made its motion for reconsideration within a reasonable time.

First, in its opinion, the district court stated:

> William had placed the pistol in the car's glove compartment. Though it remained within a theoretical arm's reach, the gun was locked in the compartment and was not immediately accessible. The car was driven to the scene of the exchange, but another car contained the drugs. These facts do not support an inference of intent to have the pistol available for use in the drug transaction, which is the meaning of carry in the statute. 18 U.S.C. § 924(c).

While this analysis is relevant to drug transaction cases in which the suspect is carrying a firearm in a non-vehicle context,[3] we apply a different analysis when the suspect is carrying a firearm in a vehicle. In such cases, no showing that the gun is immediately available for use is required. United States v. Pineda-Ortuno, 952 F.2d 98, 104 (5th Cir.), cert.

_____

[3]See, e.g., United States v. Blankenship, 923 F.2d 1110, 1116 (5th Cir.), cert. denied, 500 U.S. 954 (1991)(in a non-vehicle context, showing that gun was in reach during commission of drug offense was required to sustain conviction for "carrying").

6

denied, 504 U.S. 928 (1992).  Constructive possession of a firearm in a car will support a conviction for carrying a firearm under § 924(c) if the defendant "knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime."  Id.  The rationale for this distinction is that when a vehicle is used, "the means of carrying is the vehicle itself."  Id.

Second, the court abused its discretion in denying the government's motion because the government was never given a chance to respond to William's motion for reconsideration.  The government did not even know about William's motion until the court issued its June 28 order granting the motion.  In effect, the district court disposed of the case without a full examination of the merits.  The government's motion for reconsideration argued that the district court had misapplied the law and included a sworn affidavit by the prosecutor that the record did not support William's statements about the glove compartment, but the court did not hold a hearing on the government's contentions and denied the motion in a one sentence order that made no reference to the government's claims.

Third, the government filed its motion for reconsideration within a reasonable time after it learned of the district court's order.  When it learned of the order, the government had to reopen the case file, request a docket sheet, request the court file, review the pleadings, research the substance of the unsworn

7

factual assertions, and prepare a response.  The government made its motion for reconsideration within sixty days of the June 28 order.  Under the circumstances, there is no question that the government made its motion within a reasonable amount of time.

The interest in determining the merit of the government's legal and factual arguments in this case outweighs any interest in finality of judgment.  Because the district court used the wrong definition of "carry" and relied on unsworn factual assertions by William to vacate his § 924(c) conviction without giving the government a chance to respond, the court abused its discretion in denying the government's motion for reconsideration of the June 28 order.

## III. CONCLUSION

For the foregoing reasons, we REVERSE the district court's order denying the government's motion for reconsideration and REMAND the case to the district court.